

U.S. Department of Justice

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (413) 785-0235*
*Facsimile:      (413) 785-0394*

*Federal Building and Courthouse*
*1550 Main Street, Room 310*
*Springfield, Massachusetts 01103*

June 1, 2004

Clerk
United States District Court
    for the District of Massachusetts
Federal Building & Courthouse
1550 Main Street
Springfield, MA 01103

    Re: U.S. v. Charles Winston, Criminal No. 04-30026-MAP.

Dear Sir or Madam:

    Enclosed please a copy f the government's automatic discovery letter in the above-referenced matter, which I am filing (without the enclosures) with your office pursuant to Local Rule 116.6.

    Thank you very much for your attention to this matter. Please contact me at (413) 785-0395, if you have any questions.

                                Very truly yours,

                                MICHAEL J. SULLIVAN
                                United States Attorney

                        By:     [signature]
                                Thomas J. O'Connor, Jr.
                                Assistant U.S. Attorney

Enc.



U.S. Department of Justice

*United States Attorney*
*District of Massachusetts*

*Main Reception: (413) 785-0235*
*Fax: (413) 785-0394*

*Federal Building & Courthouse*
*Main Street, Room 310*
*Springfield, Massachusetts 01103*

June 1, 2004

David P. Hoose, Esq.
Katz Sasson Hoose & Turnbull, P.C.
1145 Main Street
Springfield, MA 01103

    Re:  <u>U.S. v. Charles Winston</u>, Criminal No. 04-30026-MAP.

Dear Mr. Hoose:

    This office is in receipt of Mr. Winston's notice of non-waiver of the automatic discovery provisions of the Local Rules in the above-referenced matter. Accordingly, the United States provides you with the following automatic discovery pursuant to Local Rule 116.1(C), 116.2(B), and Fed. R. Crim. P. 16(a)(1), in addition to the materials that already have been provided to you in the related case, <u>U.S. v. Charles Winston</u>, Criminal No. 03-30008-MAP:

**A.    Discovery Pursuant to Fed.R.Crim.P. 16(a)(1)(A)-(D)**

    **1.    Statements of the Defendant**

    The defendant made oral statements pertaining to the charges contained in the present indictment in response to interrogation by a person the defendant knew was a government agent. A copy of the 4 page report prepared by Special Agent Gregory Wales, dated 10/16/03, summarizing those statements was provided to you under separate cover dated November 7, 2003.

    **2.    Grand Jury Testimony**

    The defendant did not testify before the grand jury.

1

3.  **Defendant's Prior Record**

A copy of the defendant's criminal record already was provided to you previously by Pretrial Services.

4.  **Books, Papers, Documents, and Tangible Objects**

The government will make available for inspection and/or copying all of the evidence in its possession, including items seized pursuant to search warrants, which it intends to use at trial at a mutually convenient time and place.

5.  **Reports of Examinations and Tests**

In addition to the drug analyses you should have received under separate cover dated November 7, 2003, and November 18, 2003, please find enclosed copies of the following: (1) an ATF Report of Investigation (ROI) dated 3/2/2004, and prepared by SA Patrick J. Burns, pertaining to the interstate nexus of the firearm seized from Mr. Winston on October 14, 2003; (2) a Firearms Trace Summary pertaining to that firearm; (3) a Certificate of Examination and Test Firing from the Massachusetts State Police, pertaining to that firearm; and (4) a ROI prepared by SA Burns, dated 11/7/03, summarizing the results of a latent fingerprint analysis of that firearm. There are no other scientific tests or experiments of which the government is aware. There are no reports of physical or mental examinations of the defendant.

B.  **Search Materials**

1.  **Search Warrants**

Search warrants, applications, and affidavits in support of the search warrant applications have been provided previously under separate cover, including the search warrant, application, and affidavit in support of the search warrant application for the search of 110A Carr Street, which was sent to you under separate cover dated November 18, 2003. Please also note that a copy of the application and affidavit in support of the application for the seizure warrant for Mr. Winston's BMW X5 vehicle was provided to you under separate cover dated January 23, 2004.

2.  **Consent Searches**

None.

2

3. **Warrantless Searches**

None.

C. **Electronic Surveillance**

The government may offer as evidence in its case-in-chief wire communications intercepted over Jose Merced's cellular telephone, (413) 246-4920 pursuant to an order entered on November 15, 2002, M.B.D. No. 02-30063-FHF, and wire communications intercepted over Daniel Almonte's cellular telephone, (413) 330-4401, pursuant to an order entered on January 15, 2003, M.B.D. No. 03-30004-FHF. You already should have received copies of the applications, affidavits, orders authorizing the interceptions and the sealing orders under separate cover, which also included information pertaining to the availability of those recordings and transcripts of those recordings for your review.

D. **Consensual Interceptions**

None.

E. **Unindicted Coconspirators**

Pursuant to L. R. 116.6 the government declines to provide the identity of unindicted co-conspirators.

F. **Identifications**

There are no identifications of Mr. Winston in addition to those already disclosed under separate cover in <u>United States v. Charles Winston</u>, Criminal No. 03-30008-MAP.

G. **Exculpatory Evidence**

1. Within the time period designated in L.R. 116.1(C)(1):

    a. The government is unaware of any evidence that would tend directly to negate the defendant's guilt concerning any count in the indictment.

    b. The government is unaware of any evidence that would cast doubt on the admissibility of evidence that the government anticipates offering in its case-in-chief and that could be subject to a motion to suppress or exclude, which would, if allowed, be appealable under 18 U.S.C.§ 3731.

    c.    Pursuant to L.R. 116.6 the government declines to provide the names of four witnesses and the promises which have been made to them in the interests of justice. The government believes that providing this information at this time may cause harm to the witnesses.

    d.    Pursuant to L.R. 116.6 the government declines to provide the criminal histories of four witnesses in the interests of justice. The government believes that providing this information at this time may cause harm to the witnesses.

    e.    Pursuant to L.R. 116.6 the government declines to provide a written description of any pending criminal cases of four witnesses in the interests of justice. The government believes that providing this information at this time may cause harm to the witnesses.

    f.    There were no failures to identify the defendant by any percipient witness in this case.

The government requests all reciprocal discovery of the defendant as required by L.R. 116.1(D) and F.R.Crim. P. 16(b). Pursuant to F.R.Crim.P. 12.1 the government requests notice of whether the defendant intends to rely upon an alibi defense; pursuant to F.R.Crim.P. 12.2 the government requests notice of whether the defendant intends to rely upon an insanity defense; and pursuant to F.R.Crim.P. 12.3 the government requests notice of whether the defendant intends to rely upon a defense of public authority.

Because the government has declined to produce certain information pursuant to L.R. 116.6, a copy of this letter (without the enclosures) will be filed with the Clerk's Office.

Please feel free to call me at (413) 785-0395, if you have any questions about the above information.

>                    Very truly yours,
>
>                    MICHAEL J. SULLIVAN
>                    United States Attorney
>
> By:   /s/ Thomas J. O'Connor, Jr.
>                    Thomas J. O'Connor, Jr.
>                    Assistant U.S. Attorney

Encs.