UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) CRIM. NO. 04-30026-MAP |
| v. | ) |
| | ) |
| CHARLES WINSTON | ) |
| a/k/a "SWEET CHUCK" | ) |

**INITIAL STATUS CONFERENCE REPORT**
**PURSUANT TO LOCAL RULE 116.5(A)**

The United States of America, by Michael J. Sullivan, United States Attorney for the District of Massachusetts, Thomas J. O'Connor, Jr., Assistant United States Attorney, and David P. Hoose, Esq., counsel for Charles Winston, hereby submit the following status report pursuant to Local Rule 116.5(A) and Magistrate Judge Neiman's written order.

1. The parties agree that this case requires relief from the timing requirements imposed by Local Rule 116.3, since it is related to, and ultimately may be joined with, the case captioned United States v. Merced et. al., Crim. No. 03-30008-MAP. Relief from the timing requirements imposed by Local Rule 116.3 has been granted in the Merced case.

2. The defendant requests discovery concerning expert witnesses under Fed.R.Crim.P. 16(a)(1)(E). The government requests reciprocal discovery pursuant to Fed. R. Crim. P. 16(B)(1)(C). The government, on June 1, 2004, also requested notice of the defendant's intention to rely on defenses of alibi, insanity, or public authority, pursuant to Fed. R. Crim. P. 12.1,

12.2, and 12.3. Accordingly, the parties agree that it is appropriate for the Court to establish dates for responses by the parties.

3. The parties anticipate that no additional discovery will be provided by the government as a result of the future receipt of information, documents, or reports of examinations or tests. The government notes that it has declined to produce certain discovery pursuant to L.R. 116.6. A copy of the declination letter has been filed with the court.

4. The parties request that schedule be established under Fed. R. Crim. P. 12(c) for the filing and disposition of pretrial motions. Because this case may be joined with the related <u>Merced</u> case, the parties request that the court establish a deadline by which any motions to join must be filed.

5. The parties agree that the following periods of time are excludable from the Speedy Trial Act:

    (a)  the period from May 18, 2004, the date of the defendant's initial appearance and arraignment, through June 1, 2004, the date on which automatic discovery by the government and the defendant was required to be completed, pursuant to 18 U.S.C. § 3161(h)(8)(A) and Local Rule 112.2(A)(2);

    (b)  the period from June 1, 2004, the date on which the government requested reciprocal discovery and notices of the defendant's intent to rely defenses of alibi, insanity, or public authority, through June 15, 2004, the date by which the defendant was required to respond, pursuant to 18 U.S.C. § 3161(h)(8)(A) and L.R. 112.2(A)(3); and

    (c)    the period from May 18, 2004, the date of the defendant's initial appearance and arraignment, through July 20, 2004, the date of the initial status conference in this matter, pursuant to 18 U.S.C. § 3161(h)(8)(A) and (h)(8)(B)(ii), on the grounds that this case is integrally related to the complex, multi-defendant Merced case, that there are certain discovery and other issues that overlap with the Merced case, and that it, therefore, is in the interests of justice to exclude from the Speedy Trial Act clock all of the time from the defendant's initial appearance and arraignment on this case through the present.

The parties request that the Court issue an order indicating that the time periods described in the subparagraphs above are excludable pursuant to the Local Rules and 18 U.S.C. § 3161.

6.    At the present time, the parties anticipate that a trial in this case will require approximately five trial days.

7.    The parties agree that the scheduling of a final status conference would be premature at the present time, and request that an interim status conference date be established.

    Respectfully submitted,

    MICHAEL J. SULLIVAN
    United States Attorney

By: _____
    Thomas J. O'Connor, Jr.
    Assistant U.S. Attorney


    _____
    David P. Hoose, Esq.
    Counsel for Charles Winston

Dated: July 19, 2004