UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| ) | CRIM. NO. 04-30026-MAP |
| v. ) | |
| ) | |
| ) | |
| ) | |
| CHARLES WINSTON ) | |
|     a/k/a "SWEET CHUCK" ) | |

### GOVERNMENT'S MOTION TO JOIN PURSUANT TO RULE 8(a)

The United States of America, by Michael J. Sullivan, United States Attorney for the District of Massachusetts, hereby moves this court to join the above-captioned matter with the case captioned, United States v. Merced et. al., Criminal No. 03-30008-MAP, pursuant to Rule 8(a) of the Federal Rules of Criminal Procedure. As grounds for this motion, the government states the following.

Joinder of the charges against the defendant in the present case with those he is facing in the Merced case is proper under Rule 8(a) of the Federal Rules of Criminal Procedure because the offenses alleged against the defendant in each Indictment are based on "acts connected together or constituting parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Rule 8(a) provides that two or more offenses may be charged in the same indictment if the offenses charged are "of the same or similar character or are based on the same act or transaction or on two

or more acts or transactions connected together or constituting parts of a common scheme or plan." Fed. R. Crim. P. 8(a). The provisions of Rule 8(a) are "generously construed in favor of joinder." United States v. Melendez, 301 F.3d 27, 35 (1st Cir. 2002).

In the present case, the defendant, Charles Winston, is charged with distribution and possession with intent to distribute cocaine and with possession of a firearm in furtherance of a drug trafficking crime. Similarly, in the Merced case, the defendant faces charges of conspiracy to possess with intent to distribute cocaine, cocaine base, and heroin, and distribution and possession with intent to distribute cocaine. Furthermore, the evidence that comprises the basis for the charges in the present case was discovered and ultimately seized by law enforcement agents who were effecting an arrest warrant issued for him in the Merced case.

Thus, the charges against the defendant in both matters are "of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan," such that joinder of the two cases is appropriate under Fed. R. Crim. P. 8(a). Accordingly, the government respectfully requests that its motion to join be granted.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ Ariane D. Vuono

ARIANE D. VUONO
THOMAS J. O'CONNOR, JR.
Assistant U.S. Attorneys

Dated: July 26, 2004

## CERTIFICATE OF SERVICE

Hampden, ss.                                    Springfield, Massachusetts
                                                July 26, 2004

I, Thomas J. O'Connor, Jr., Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing by mail to:

David P. Hoose, Esq.
Katz, Sasson, Hoose & Turnbull
1145 Main Street, Suite 304
Springfield, MA 01103

/s/ Thomas J. O'Connor, Jr.
Thomas J. O'Connor, Jr.
Assistant U.S. Attorney