Filed 12/23/04

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,          )
                                   )
                                   )
                                   )   CRIM. NOS. 04-30026-MAP
v.                                 )   and 03-30008-MAP
                                   )
                                   )
                                   )
CHARLES WINSTON                    )
     a/k/a "SWEET CHUCK"           )

### GOVERNMENT'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS

The United States of America, by Michael J. Sullivan, United States Attorney for the District of Massachusetts, hereby moves to supplement its argument in opposition to the defendant's motion to suppress evidence seized during the search of his home on October 15, 2003.

On December 23, 2004, this Court heard oral argument on the defendant's motions. Based on certain comments made by the Court and defense counsel during the hearing, the government now realizes that there is an additional argument against suppressing the evidence. Specifically, the Court questioned whether the cash found in the night stand drawer was properly discovered. In response, the government argued that the defendant's statement that his identification card was in the night stand was tacit consent for the agents to look in the night stand, where they ultimately found a large sum of cash that was part of the basis for the search warrant that subsequently issued. The government

should also have argued that the inevitable discovery exception to the exclusionary rule applies here and now wishes to raise that issue with the Court.

Under the inevitable discovery rule, the Court may admit unlawfully obtained evidence if the evidence would inevitably have been discovered through independent lawful means. Nix v. Williams, 467 U.S. 431, 443 (1984); United States v. Scott, 270 F.3d 30, 45 (1st Cir. 2001). Here, if the Court were to find that the cash in the night stand drawer was unlawfully found during the execution of the arrest warrant, but that the search warrant was still properly issued based on other facts, then the cash in the drawer inevitably would have been discovered during the execution of the search warrant and, therefore, should not be suppressed. United States v. Silvestri, 787 F.2d 736, 746 (1st Cir. 1986).

Accordingly, in addition to the grounds previously asserted at the hearing on this matter and in the government's prior memorandum, the defendant's motion to suppress should be denied for the reasons stated above.

    Respectfully submitted,

    MICHAEL J. SULLIVAN
    United States Attorney

By: /s/ Ariane D. Vuono
    ARIANE D. VUONO
    THOMAS J. O'CONNOR, JR.
    Assistant U.S. Attorneys

Dated: December 23, 2004

2

**CERTIFICATE OF SERVICE**

Hampden, ss.                                Springfield, Massachusetts
                                            December 23, 2004

I, Thomas J. O'Connor, Jr., Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing by fax to (413) 746-5767, and by mail to:

David P. Hoose, Esq.
Katz, Sasson, Hoose & Turnbull
1145 Main Street, Suite 304
Springfield, MA 01103

Thomas J. O'Connor, Jr.
Assistant U.S. Attorney