```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
                              )
        v.                    )    CRIMINAL NO. 04-30026-MAP
                              )
CHARLES WINSTON,              )
        Defendant.            )
```

Government's Motion for an Order of Excludable Delay

The United States of America, by Michael J. Sullivan, United States Attorney for the District of Massachusetts, respectfully requests that the Court enter a Speedy Trial Act ("STA") order of excludable delay from June 28, 2006, until July 16, 2007.

The motion for excludable delay is appropriate for the following reasons:

1. June 28, 2006, is the date that the First Circuit issued its mandate with respect to the government's interlocutory appeal. The interlocutory appeal had tolled the STA clock. See 18 U.S.C. § 3161(h)(1)(E). Prior to the appeal, approximately 24 days had run on the STA from January 29, 2005, the day after this Court's suppression order, through February 21, 2005, the day before the government's notice of appeal was filed.

2. After the First Circuit decided the appeal, Mr. Winston sought a writ of certiorari from the Supreme Court. In status conferences on September 22, 2006, November 3, 2006 and January 5, 2007, Mr. Winston's counsel updated the Court on the pending status of the matter before the Supreme Court, including the

Supreme Court's request that the Department of Justice file a memorandum in response to the certiorari petition.

    3. On February 21, 2007, Mr. Winston filed a motion notifying the Court that the Supreme Court had denied his petition for certiorari and requesting that the Court schedule a status conference at which he would be present. The Court granted the motion on February 23, 2007, and scheduled a status conference for March 28, 2007. On March 27, 2007, the Court rescheduled the status conference for April 16, 2007. On April 16, 2007, the Court rescheduled the status conference for April 20, 2007. Approximately 55 days elapsed from the day after the Court granted Mr. Winston's motion for a status conference on February 23, 2007, and the day before the status conference on April 20, 2007.

    4. At the April 20, 2007, status conference, the Court conferred with counsel for Mr. Winston and the government and scheduled Mr. Winston's trial for July 16, 2007. Both defense and government counsel concurred in the trial date.

    5. On May 8, 2007, the Court held a status conference at which this speedy trial issue was discussed and the Court set a schedule to address the issue.

    6. There are three blocks of time within the government's instant motion for an order of excludable delay. The first is from June 29, 2006, the day after the First Circuit's mandate, to

February 21, 2007, the day before that Mr. Winston filed his motion for a status conference and advised the Court that his petition for certiorari was denied. This period of time should be excluded as delay that is related to an interlocutory appeal pursuant to 18 U.S.C. § 3161(h)(1)(E)[1] and that is in the interests of justice pursuant to 18 U.S.C. § 3161(h)(8) because Mr. Winston requested the delay so that he could pursue his possible appeal to the Supreme Court. If the Supreme Court had issued a writ of certiorari and then reinstated this Court's suppression order, the government's case against Mr. Winston would have been severely limited, perhaps fatally. As a result, the ends of justice served by Mr. Winston's requested delay outweighed the best interests of the public and the defendant in a speedy trial.

7.  The second block of time the government seeks to have excluded from the STA clock is the 55 days from February 23, 2007, the day after the Court granted Mr. Winston's motion for a status conference, until the day before the status conference on April 20, 2007. This period of time should also be excluded in the interests of justice pursuant to 18 U.S.C. § 3161(h)(8). The

---

[1] The government has not found any cases considering the STA consequences of the time during which a defendant seeks a petition for certiorari in relation to a successful interlocutory appeal by the government. Logically, however, this time is "delay resulting from any interlocutory appeal." See 18 U.S.C. § 3161(h)(1)(E).

overall purpose of the delay after the First Circuit's decision was to permit Mr. Winston to seek Supreme Court review. After the Supreme Court denied his certiorari petition, Mr. Winston could have requested an immediate trial at any time, including in his motion for a status conference on February 21, 2007. He did not do so. Nor did Mr. Winston object to either the scheduling or rescheduling of the status conference. Finally, Mr. Winston was not prejudiced by any delay in holding the status conference, in part because during all of this time he has been in custody serving his sentence on the underlying drug charges.[2] As a result, the ends of justice served by any delay between February 23, 2007, and April 20, 2007, outweighed the best interests of the public and the defendant in a speedy trial.

8. The third block of time the government seeks to have excluded is from the April 20, 2007, status conference until the agreed upon July 16, 2007, trial date. This time also should be excluded pursuant to 18 U.S.C. § 3161(h)(8) because it was in the interests of the defendant, the government and the Court to find a date when all three would be available for this approximately one week trial. After discussion on the record with the Court and government counsel, Mr. Winston's counsel agreed to the trial date. Nor is Mr. Winston unfairly prejudiced by this delay

---

[2] Pursuant to 18 U.S.C. § 924(c), any sentence of incarceration that Mr. Winston may receive in this case must be consecutive to the sentence he is currently serving.

since, as noted above, he is in custody. As a result, the ends of justice served by scheduling the trial for July 16, 2007, outweigh the best interests of the public and the defendant in a speedy trial.

9. For the foregoing reasons, the government respectfully requests that the Court order that the time from June 28, 2006, until July 16, 2007, be excluded pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(h)(8)(A).

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:
/s/ Kevin O'Regan
Kevin O'Regan
Assistant U.S. Attorney

Dated: May 20, 2007

CERTIFICATE OF SERVICE

May 20, 2007

I certify that I caused the foregoing to be served electronically on counsel for the defendant, David Hoose, Esq., 1145 Main Street, Suite 304, Springfield, MA 01103.

/s/ Kevin O'Regan
Kevin O'Regan
Assistant U.S. Attorney