UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * * * * *
                                   *
UNITED STATES OF AMERICA           *
                                   *
         v.                        *    CRIMINAL NO. 04-30026-MAP
                                   *
CHARLES WINSTON, JR.               *
                                   *
* * * * * * * * * * * * * * * * * *
```

### DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION FOR EXCLUDABLE DELAY AND MOTION TO DISMISS

Now comes the defendant in the above captioned matter and states his opposition to the Government's Motion for an Order of Excludable Delay and furthermore, requests that this Honorable Court dismiss this indictment on the ground that prosecution is barred by the Speedy Trial Act as codified in 18 U.S.C. 3161.

The defendant has no quarrel with the Government's position that 24 days ran on the Speedy Trial clock after this court granted the Defendant's Motion to Suppress Evidence but before the Government filed its Notice of Appeal.

The defendant further agrees that his attempts to get the United States Supreme Court to review the ruling of the First Circuit by petitioning for *certiorari* are excludable under the act, although there are apparently no cases directly on point. However, contrary to the Government's view, the clock should have started running again on January 23, 2007, the day after the United States Supreme Court denied *certiorari*. While it is true that defense counsel did not notify this Court that certiorari had been denied until February 21, 2007, this is not the operative date. The entire thrust of the Speedy Trial Act is to place the burden on the Government to conform to the Act's time

demands. There is no statutory provision or case cited by the Government for the novel proposition that the defendant has an obligation to notify the court that his petition for *certiorari* has been denied and that the Speedy Trial clock does not begin to run until he does so. Again, the very premise of this notion is belied by the entire thrust of the Speedy Trial Act and the decisional law which squarely places the burden on the Government for moving the prosecution forward. *United States v. McAfee*, 780 F.2d 143, 146 (1st Cir. 1985), *United States v. Gomez-Olmeda*, 296 F. Supp. 2d 71, 77 (D.P.R. 2003). (*See also, United States v. Pringle*, 751 F.2d 419, 433 (1st Cir. 1984) and the legislative history quoted therein). Therefore, the defendant contends that the Speedy Trial clock was running for the entire period from January 23, 2007 to April 20, 2007, when a status conference was held and the parties agreed to the trial date of July 16, 2007. This amounts to 59 days, which when added to the 24 days which had previously run equals 83 days or nearly two weeks beyond the outer limits of the Speedy Trial Act.

Essentially, the only time in dispute is that referenced in paragraph 7 of the Government's motion. The Government's argument that this time is properly excludable as "in the interests of justice" under section (h) (8) of the Act is not persuasive. Most of the litigation engendered by this subsection of the Act relates to complexity of the litigation or the need for continuity of counsel. Neither of these concerns is offered by the Government here, and in fact the Government's motion offers no real reason, and cites no authority as to why "the ends of justice" rationale merits exclusion of the time period in question. The Government's suggestion that the defendant has somehow waived any objection to this period of delay is clearly not supported by the case law. *See,*

*Pringle*, 751 F.2d at 433-434. Furthermore, the Government ignores the clear mandate of this section of the act which plainly states that,

> No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

The defendant contends that no such findings were made by the court for this period and indeed, the Government does not claim otherwise. The First Circuit has indicated that a finding that the "ends of justice" warrant an exclusion of a period of time should not be made cavalierly. *United States v. Barnes,* 251 F.3d 251, 256 (1st Cir. 2001) *citing United States v. Mitchell,* 723 F.2d 1040, 1044 (1st Cir. 1997). More importantly, the finding that a continuance is justified by the "ends of justice" rationale cannot be made on a *post hoc* basis. *United States v. Kelly,* 45 F.3d 45, 47 (2nd Cir. 1995), *United States v. Tunnessen,* 763 F.2d 74, 78 (2nd Cir. 1985), *United States v. Janik,* 723 F.2d 537, 545 (7th Cir. 1983), *United States v. Brooks,* 697 F.2d 517, 522 (3rd Cir. 1982). *See also, United States v. Ramirez-Cortez,* 213 F.3d 1149, 1154-55 (9th Cir. 2000).

For all of the above reasons it is clear that the Government's Motion for Excludable Delay must be denied. The Speedy Trial clock has run and the indictment must be dismissed. This court has discretion as to whether to dismiss the indictment with or without prejudice. The defendant contends that the dismissal should be with prejudice.

Section 3162 (a) provides guidance in determining whether the dismissal should be with or without prejudice. The court must consider the seriousness of the offense, the circumstances leading to dismissal and the effect of reprosecution on the administration

of justice and the act. There is no question that the allegations against the defendant are serious. However, serious charges have been dismissed with prejudice by District Judge's in the past and affirmed by the First Circuit. *United States v. Ramirez*, 973 F.2d 36, 39 (1st Cir. 1992). It is clear that this court has a great deal of discretion in this area. *Id.*, at 38. As in *Ramirez*, this is a rather ordinary case but for the fact that the defendant sough *certiorari* review of the reversal of the ruling on his motion to suppress by the Circuit. What merits dismissal with prejudice is the court's and the Government's clearly erroneous efforts to shift the burden of monitoring compliance with the Act to the defendant in such circumstances. As indicated earlier, the defendant has not claimed that the clock was running while he pursued *certiorari* review. The Government is not content with this concession however. It seeks further to put the onus on the defendant for moving his case forward after *certiorari* has been denied. As the court in Ramirez indicated, "it is the ordinariness of the oversight which makes the circumstances so serious." *Id.*

This court should be guided by *Ramirez* as to application of the third factor as well. The *Ramirez* court found that reprosecution would send the wrong signal to those responsible for compliance with the Act. *Id.*, at 39. The incidents which gave rise to this prosecution arose over three years ago. Admittedly much of the delay was caused by the defendant's attempts to assert his constitutional rights. Nonetheless, the threat of prosecution hanging over a defendant's head is not to be taken lightly. Upon balance of all the statutory factors, dismissal with prejudice is warranted.

4

THE DEFENDANT

By /s/ DAVID P. HOOSE
DAVID P. HOOSE, BBO#239400
KATZ, SASSON, HOOSE & TURNBULL
1145 Main Street, Suite 304
Springfield, MA 01103
(413) 732-1939

5